Juan Serrano ZUNIGA, A91 268 876, Petitioner,

v.

Joseph R. GREENE, District Director, United States Immigration & Naturalization Service, Denver Colorado, Respondent.

No. 99–K–658.

United States District Court, D. Colorado.

June 18, 1999.

---

Daniel J. Pose, Greeley, CO, for petitioner.

Weldon Caldbeck, INS District Counsel's Office, Denver, CO, for respondent.

## ORDER DISMISSING PETITION AND VACATING ORAL ARGUMENT

KANE, Senior District Judge.

This immigration habeas corpus petition is before me on the Government's Motion to Dismiss filed April 28, 1999. The matter is set for hearing on June 28, 1999. After reviewing the parties' briefs, I find oral argument would not materially assist me in deciding the issues raised and rule on the Motion as submitted. I GRANT the Government's Motion, order the Petition DISMISSED and VACATE oral argument presently set for June 28, 1999.

■ Zuniga's petition for habeas corpus relief is without any legal basis or authority. The grounds upon which the petition rests, namely, that deportation proceedings precipitated by a noncitizen resident's guilty plea and conviction in a criminal matter result in his "being tried twice for the same conduct" fail to state a claim for a constitutional violation and provide no basis for me to exercise subject matter jurisdiction. Zuniga offers neither legal authority nor even a comprehensive legal analysis to support his assertion, and I can find no authority for the proposition that the deportation provisions of the Illegal Imigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) subject criminal aliens to double jeopardy.

■ To the extent Zuniga's challenge is to the INS's deportation order itself, that challenge is premature. While Zuniga has apparently been found "deportable as charged" by an Immigration Judge, his application for discretionary relief from that finding is set for hearing in October 1999. In the interim, Zuniga is home with his family after posting a $10,000 bond. Should Zuniga's application ultimately be denied, Zuniga will be entitled to judicial review of his deportation by the Tenth Circuit Court of Appeals pursuant to 8 U.S.C. § 1252(a)(1) and 28 U.S.C. § 2341.

In the absence of any authority or competent legal theory to support his claim that he is being unlawfully detained as a result of his ongoing deportation proceedings, Zuniga's habeas corpus petition must be DISMISSED.